UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CINDY DIFFENDERFER,

    Plaintiff,

vs.

NGD HOMESHARING, LLC, a Florida
limited liability company, and
HARVEY HERNANDEZ, individually,

    Defendants.
_____/

Case No.: 1:19-cv-23225-FAM-LOUIS

**AMENDED COMPLAINT**

Plaintiff, CINDY DIFFENDERFER ("DIFFENDERFER"), by and through the undersigned counsel, hereby sues Defendant NGD HOMESHARING, LLC, a Florida limited liability company ("NGD HOMESHARING"), and further states:

**JURISDICTION, PARTIES, AND VENUE**

1. This Court has original jurisdiction to hear this complaint and to adjudicate the claim stated herein under 28 U.S.C. § 1331, as this action is brought under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

2. At all times material, Plaintiff CINDY DIFFENDERFER was and is a resident of Miami-Dade County, and is *sui juris*.

3. At all times materials, Defendant NGD HOMESHARING was a Florida limited liability company authorized to do and doing business in Florida.

4. Venue properly lies in Miami-Dade County as DEFENDANTS reside therein, all acts and omissions giving rise to this claim occurred in Miami-Dade County, and Defendant NGD HOMESHARING has its principal place of business in Miami-Dade County

5. All conditions precedent to the bringing of this action have been met, have occurred

or have otherwise been waived.

6. In accordance with applicable law, DIFFENDERFER shall be entitled to recoup her reasonable attorney's fees upon prevailing in this action, and hereby places DEFENDANT on notice of her claim for such fees.

**GENERAL ALLEGATIONS**

7. DIFFENDERFER is a founder and member of Defendant NGD HOMESHARING, which also operates under the tradenames "Niido" and "Natiivo." Defendant was established to develop, build, market, rent, sell, and manage residential properties and/or hybrid condo-hotels designed specifically for "homesharing" activity supported by a proprietary software platform and app.

8. From its inception, Defendant employed DIFFENDERFER as its Chief Marketing Officer, and in connection with her duties, DIFFENDERFER was assigned a company-issued laptop that was given to her without restrictions or limits on its use. Consequently, DIFFENDERFER maintained many personal account identifiers and access information and links, and passwords on the computer.

9. In January 2019, Defendant was demoted from her position as Chief Marketing Officer without notice, and her employment was abruptly terminated on February 19, 2019, also without notice.

10. At the time of her termination, DIFFENDERFER was escorted out of NGD HOMESHARING's offices while her company-issued laptop and other personal items were confiscated and were never returned to her possession.

11. Shortly after being escorted out of the building, DIFFENDERFER discovered that NGD HOMESHARING, through its agents and representatives, not only accessed all business-

related files and emails contained on her company-issued laptop, but also used her computer and her personal access passwords that were linked to her icloud account to improperly access, misappropriate, manipulate, delete, corrupt and/or destroy DIFFENDERFER's individual, personal files stored on the laptop and on web-based accounts and servers, including emails, and files stored in her personal account with Dropbox, the web-based file hosting service.

12. Many of the destroyed personal files pertained to DIFFENDERFER's other investments and projects unrelated to NGD HOMESHARING and included key business and personal financial documents and other records that are irreplaceable.

13. Of significance, NGD HOMESHARING, by accessing DIFFENDERFER's records, had access to her attorney-client correspondence and work-product, not only for this instant dispute, but for other personal dealings with attorneys outside the interests of NGD HOMESHARING.

14. DIFFENDERFER has attempted to but has been unable to restore her personal Dropbox and other files, which are no longer accessible due to NGD HOMESHARING's unlawful actions.

**VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030**
-Against NGD HOMESHARING-

Plaintiff DIFFENDERFER adopts, restates and reasserts the allegations contained in Paragraphs 1-14 as though fully set forth herein.

15. This is an action for civil damages against Defendant NGD HOMESHARING for violations of 18 U.S.C. § 1030, the "Computer Fraud and Abuse Act."

16. At all material times, DIFFENDERFER's company-issued computer was a protected computer as defined in 18 U.S.C. § 1030(e)(2), and DIFFENDERFER was the owner of certain protected information stored and maintained therein, including on cloud/web-based storage

systems, including without limitation Dropbox and icloud that contained here password protected information and materials.

17. As the owner of information stored in a protected computer used in the operation of a business DIFFENDERFER is entitled to the protections and remedies under the Computer Fraud and Abuse Act.

18. Defendant NGD HOMESHARING itself through others under its direct control, and without authorization or permission and otherwise exceeded authorized access from DIFFENDERFER, improperly accessed DIFFENDERFER's private and personal information stored on the computer and information accessed via the computer using DIFFENDERFER's passwords and cloud/web-based storage systems that belonged exclusively to and was owned by DIFFENDERFER.

19. In so doing, NGD HOMESHARING caused harm to the misappropriated information and improperly impaired the integrity, access or availability of data, programs, systems or information to DIFFENDERFER.

20. As a direct and proximate result of NGD HOMESHARING's unlawful misappropriation, DIFFENDERFER has suffered losses as defined by 18 U.S.C. § 1030(c)(4)(A)(i)(I), and §1030(g) in excess of $5,000, including but not limited to costs incurred in connection with assessing the damages caused by the violations and remediation efforts including legal fees, economic damages, and other consequential damages.

WHEREFORE, DIFFENDERFER requests judgment against Defendant NGD HOMESHARING for damages and prejudgment interest, attorney's fees, as well as the return and recovery from Defendant of the misappropriated information and all copies thereof, and such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

DIFFENDERFER demands trial by jury for all claims so triable.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing shall be served via CM/ECF on all Defendants herein.

                                        **DAVIS GOLDMAN, PLLC**
                                        *Counsel for Plaintiff*
                                        1441 Brickell Avenue, Suite 1400
                                        Miami, FL 33131
                                        Telephone:  (305) 800-6673
                                        Facsimile:   (305) 675-7880
                                        Email: jgoldman@davisgoldman.com
                                        Secondary Email: eservice@davisgoldman.com

                                        By:/*s/Jason N. Goldman*
                                              JASON N. GOLDMAN
                                               Fla Bar No. 72527

## SERVICE LIST

Neil D. Kodsi, Esq.
Fla. Bar No. 11255
E-Mail: neil.kodsi@jacksonlewis.com
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone (305) 577-7651
Facsimile  (305) 373-4466

Arielle S. Eisenberg, Esq.
Fla. Bar No. 0111467
E-mail: arielle.eisenberg@jacksonlewis.com
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone (305) 577-7651
Facsimile  (305) 373-4466